**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMIE LYWELLEN JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MISSOURI PROBATION AND PAROLE, )<br>et al., )<br>)<br>Defendants. ) | Case No. 1:25-CV-00005 NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented Plaintiff Jamie Lywellen Jones, a civil detainee currently residing at the Metropolitan Psychiatric Center, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 6. Upon consideration of the financial information provided with the application, the Court finds the Plaintiff is unable to pay any portion of the filing fee. *See* 28 U.S.C. § 1915(a). Therefore, Plaintiff will be granted leave to proceed *in forma pauperis*. Additionally, based upon a review of the amended complaint, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On December 9, 2024, self-represented Plaintiff Jamie Lywellen Jones filed this action on a prisoner civil rights complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption, Plaintiff named Missouri Probation and Parole as the Defendant. *Id.* at 1. In the section of the form complaint designated to list any additional defendants, Plaintiff included Chris Hopper and Neil

2

Acott in their official capacities as employees of Missouri Probation and Parole. *Id.* at 2-3. The statement of claim was as follows in its entirety:

> Delay action start 6-29-2023 Probation ended the delay action 6-25-2024 Judge Miller Judge Lipke one did arrest warr[a]nt one did a 10,000 cash bond. Now Jamie Jones has 2 cases
>
> Cape County Jail   6-25-24   7-01-24   7-16-24

*Id.* at 4 (errors in original).

Under the injuries section, Plaintiff wrote "Jamie Jones first case hasn't been dispotion [sic] or no plea to the charges." *Id.* at 4. He seeks monetary damages and "probation completed with prejudi[ce]." *Id.*

On January 15, 2025, the Court reviewed Plaintiff's complaint and determined it was deficient as written because it failed to provide a short and plain statement of facts that supported his claim against each named Defendant. ECF No. 4. Because of his self-represented status, the Court directed him to amend his complaint within twenty-one days.

Additionally, the Court took judicial notice that Plaintiff was determined to be incapacitated and incompetent to stand trial based on the written findings of the Missouri Department of Mental Health. *See State v. Jones*, 23CG-CR00919 (32nd Jud. Cir., Cape Girardeau County). He had also been placed under temporary guardianship by a Court-appointed guardian. *See In re the Estate of Jamie Jones*, No. 24BA-PR00535 (13th Jud. Cir., Boone County). A hearing for permanent guardianship was set for February 3, 2025.[1] Consequently, the Court also directed Plaintiff to show cause as to why he should not be required to have the permission of his Missouri

---

[1] The Court notes that the hearing was subsequently rescheduled to April 7, 2024. Until such time, the Boone County Public Administrator was appointed as Successor Temporary Guardian/Conservator. *See In re the Estate of Jamie Jones*, No. 24BA-PR00535 (Emergency Order, dated March 17, 2025).

3

guardian to pursue this action and why this Court should not appoint either a guardian ad litem and/or next friend, in accordance with Federal Rule of Civil Procedure 17.[2]

## Amended Complaint

On February 11, 2025, Plaintiff filed his amended complaint against the same three defendants: Missouri Probation and Parole, Chris Hopper, and Neil Acott. ECF No. 7. He indicates he is suing Hopper in his official capacity only but is silent as to Acott.[3] The statement of claim is as follows in its entirety:

> Jamie Jones is incompetent to proceed on 6-25-2024
>
> Probation and Parole Pause for a Delay Action of Case No 23-CG-CR00919 6 29 2023 That case still pending

*Id.* at 4 (errors in original).

Plaintiff does not fill out the "Injuries" section of the form complaint. *See id.* at 4. For relief, he seeks "one. Two million 120000000." *Id.* at 5.

## Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacity. *Nix v.*

---

[2] As of the date of this Memorandum and Order, Plaintiff has not complied with the Court's directive to Show Cause. Therefore, in addition to Plaintiff's failure to state a claim, this matter is being dismissed for Plaintiff's failure to comply with a Court Order. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

[3] Following the factors outlined in *S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025), the Court does not find that the Complaint evidences Plaintiff's intent to sue Defendant Acott in his individual capacity.

4

*Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).  Because Plaintiff's § 1983 Complaint for damages is against the State of Missouri Department of Probation and Parole, a state agency, such suit is barred by the Eleventh Amendment and should be dismissed.

Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in their official capacity even if the entity is the moving force behind the deprivation of the federal right. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, (1985); *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005). To the extent that Plaintiff is attempting to argue that the conduct of this state agency or its officials deprived him of his federal constitutional rights, the agency and its officials nevertheless enjoys Eleventh Amendment immunity in relation to Plaintiff's § 1983 claims. Plaintiff does not argue or otherwise demonstrate Defendants are somehow exempt from this Eleventh Amendment bar. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, (1984); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). Indeed, as determined by the Supreme Court in *Quern v. Jordan*, 440 U.S. 332, (1979), neither the history nor the text of § 1983 expresses any congressional intent to overturn the constitutionally guaranteed immunity of the states. *Id.* at 342-45. Thus, because Plaintiff's Complaint against the Missouri Department of Probation and Parole and its officials are barred by the Eleventh Amendment, this action must be dismissed for failure to state a claim and/or legal frivolity.

And, even if Plaintiff intended to sue Defendants Acott and Hopper in their individual capacities, his claims against them would fail. As discussed in the Court's Memorandum and Order, dated January 15, 2025, in order to state a claim for § 1983 liability, a plaintiff must allege facts connecting the named defendants to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Even self-represented plaintiffs are required to set out not only their

alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not done so. While this Court must liberally construe self-represented filings, this Court will not construct claims or assume facts that Plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 012, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). As such, this action is also dismissed for failure to state a claim against the individual defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of March, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE